**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly G. Pfeil,<br><br>   Petitioner,<br><br>v.<br><br>Discover Bank,<br><br>   Respondent. | No. CV-20-01813-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Kimberly G. Pfeil's Motion to Reinstate Case. (Doc. 18.)  For the following reasons, the motion is denied.

## DISCUSSION

A federal district court is a court of limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936).  A district court has an obligation to inquire *sua sponte* into subject matter jurisdiction and to proceed no further if such jurisdiction is wanting.  *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Section 10 of the Federal Arbitration Act ("FAA") authorizes federal courts to vacate arbitration awards but does "not provide independent jurisdiction to the federal courts."  *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993).  Accordingly, a petition under the FAA to vacate an arbitration award, such as the

1    Plaintiff's petition here, may only be brought in federal court if there is an independent

2    basis for jurisdiction.

3         "Diversity jurisdiction requires . . . [that] each defendant must be a citizen of a

4    different state from each plaintiff," *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223,

5    1234 (9th Cir. 2008), and that the amount in controversy exceeds $75,000, *Home Depot*

6    *U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  A corporation is a citizen of every

7    state in which it is incorporated and where it has its singular, principal place of business.

8    *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  Here, Plaintiff states in her petition that she

9    is a resident of Arizona and that Respondent Discover Bank is incorporated in Delaware

10   and has its principal place of business in "all states of the United States." (Doc. 1 at 1.)  As

11   Plaintiff fails to show which state Respondent's principal place of business is in, it is not

12   clear whether Plaintiff and Respondent are citizens of different states.  Certainly, if one of

13   Respondent's principal places of business is Arizona, then there is no diversity jurisdiction

14   in this Court.  Additionally, Plaintiff does not claim that the amount in controversy exceeds

15   $75,000.  Accordingly, the Court does not have diversity jurisdiction.

16        The Court also does not have federal question jurisdiction over this case.  28 U.S.C.

17   § 1331 invests in district courts "original jurisdiction of all civil actions arising under the

18   Constitution, laws, or treaties of the United States."  A petition to vacate an arbitration

19   award does not "arise under" federal law merely because "the underlying arbitration

20   involves a federal question[;]" instead, the federal question "must be presented in a well-

21   pleaded petition."  *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004);

22   *see also Russ v. United Servs. Auto. Ass'n*, No. CV-18-04222-PHX-SMB, 2019 WL

23   3083015, at *3 (D. Ariz. July 15, 2019) (explaining that, after *Vaden v. Discover Bank*, 556

24   U.S. 49 (2009), "district courts within the Ninth Circuit have continued to follow *Luong*

25   and hold that the underlying matters being arbitrated cannot confer federal question

26   jurisdiction to post-award motions under Sections 9 and 10").  Here, nothing in Petitioner's

27   petition indicates any issues with federal law.  Therefore, the Court does not have federal

28   question jurisdiction.

As the Court does not have diversity or federal question jurisdiction over this case, the Court does not have jurisdiction to hear Petitioner's motion to reinstate.  Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner Kimberly G. Pfeil's Motion to Reinstate Case (Doc. 18) is **DENIED.**

Dated this 14th day of April, 2021.

_____
G. Murray Snow
Chief United States District Judge